**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| STEPHANIE SCHOOLER )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>JOE BEARD AND SONS, CORP. )<br>)<br>Defendant, ) | Cause No.:   3:21-cv-128 |

**COMPLANT AND DEMAND FOR JURY TRIAL**

## I.  NATURE OF THE CASE

1. This is an action brought by Plaintiff, Stephanie Schooler ("Schooler"), by counsel, against Defendant, Joe Beard and Sons, Corp. ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §12101 *et seq.,* Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.* as amended.

## II.  PARTIES

2. Schooler is a resident of Vanderburgh County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a domestic-for-profit corporation headquartered in Warrick County, Indiana. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III.     JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. §2000e-5(f)(e) and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 29 U.S.C. § 203(d).

6. Schooler was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. § 203(e)(1).

7. Schooler satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on gender. Schooler received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

### IV.     FACTUAL ALLEGATIONS

9. Schooler was hired by the Defendant in or about October 2019. Schooler was hired to perform the following duties: Human Resources, Office Manager, Safety Compliance, and Marketing.

10. During her tenure, Schooler met or exceeded Defendant's performance expectations.

11. Schooler was paid an hourly wage at the time of her hiring.

12. Within 2020, Charging Party underwent several pay changes that none of her male counterparts endured. Moreover, her male counterparts received many benefits that she was not offered while she performed the bulk of their duties.

13. In or around April 2020, Brian Cook ("Cook"), a male, stepped down as General Manager ("GM") for Defendant.

14. In said position, Cook received a salary of $72,000/year and a company truck with insurance coverage.

15. In or around April 2020, Schooler requested that she be promoted into the vacant GM position. Defendant's owner, Joe Beard ("Joe"), a male, expressed concerns because Schooler was the "matriarch of a large family." Regardless, Defendant promoted Schooler to the vacant GM position. However, Schooler was only offered $57,200 for the same position and no additional benefits.

16. In or around May 2020, Schooler engaged in a protected activity by complaining to Ryan Dillman ("Dillman"), Defendant's Chief Financial Officer, that her pay was not the same as the previous GM, which was held by a male.

17. Following Schooler's promotion, Andy Beard ("Andy"), a male, was hired into a managerial role. Andy held less managerial experience than Schooler and had less duties than her; but was receiving more in combined pay and benefits than Schooler.

18. While employed as a GM, School performed duties that her male counterparts refused to do. Said duties included, but are not limited to, the following:

   a. Completed office paperwork that both Cook and Andy refused to do; and
   b. Completed and reviewed employee time punch cards for both Cook's and Andy's employees

19. While employed as a GM, Schooler continued to perform all of her prior duties as well as the duties required as a GM. Additionally, Schooler, the only female GM, was required to perform additional administrative duties that her two male counterparts refused to do. Yet, Schooler continued to be paid less than her male coworkers in similar positions.

20. Following Charging Party's complaint, Defendant indicated that he wanted to give both Schooler and Cook a $200/week raise. However, shortly after stating this, Joe premised Schooler's raise on if Cook received his CDL license. Since Cook did not receive his CDL license, Schooler was penalized and never given the raise.

21. After filing her complaint with Dillman, Joe began to create a hostile work environment and retaliated against Schooler.

22. During this period, COVID-19 was affecting Indiana.

23. At the beginning of COVID, Schooler approached Joe and requested permission to notices regarding employee's rights. Joe specifically told her not to post anything.

24. This request was again denied in or around March/April 2020.

25. In March 2020, the Families First Coronavirus Response Act ("FFCRA") was signed into law. Under the law, employers were required to post a notice of the rights afforded to employees under the FFCRA on the employer's premise.

26. Due to the FFCRA and State and County mandates, Joe permitted Schooler to post a notice regarding masks/temperature checks. Joe did not permit Schooler to post a notice of employee's rights under the FFCRA, including Emergency Paid Sick Leave and Extended Leave under Family Medical Leave.

27. In or about December 2020, Schooler and other employees contracted COVID. None of the employees were offered or received the benefits afforded by the FFCRA for

contracting COVID. When Schooler notified Joe of this, he stated that employees that are positive for COVID and have to quarantine will not be paid. Further, he stated that employees must utilize sick/vacation pay before qualifying for any paid leave under the FFCRA. Meanwhile, Schooler was required to work remotely while suffering from COVID.

28. In or about December 2020, a health complaint was filed with the local Department of Health concerning Defendant and its COVID protocols. In response, an employee meeting was held on December 3, 2020. In said meeting, Joe threatened to withhold Christmas bonuses unless someone confessed to filing the health complaint. No one confessed.

29. On or about December 4, 2020, Joe called Schooler and accused her of filing the health complaint and lying about it. When Schooler denied this, Joe stated that no one will receive the "healthy" Christmas bonuses allocated until someone confessed.

30. Due to Defendant's discriminatory actions and threatening statements, Schooler was constructively discharged on December 4, 2020.

31. Schooler has been damaged due to Defendant's actions.

## V.   CAUSES OF ACTION

### COUNT I: TITLE VII: GENDER

32. Schooler hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint.

33. Defendant discriminated against Schooler on the basis of her gender.

34. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

35. Defendant's actions were willful, intentional and done with reckless disregard for Schooler's legally protected rights.

36. Schooler has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: EPA

37. Schooler hereby incorporates paragraphs one (1) through thirty-six (36) of her Complaint.

38. Defendant paid Schooler significantly less than her male peers despite the fact that her male peers were employed in similar positions which required equal skill, effort and responsibility, and which were performed under similar working conditions.

39. Defendant's actions were intentional, willful, and taken in reckless disregard of Schooler's legal rights.

40. Defendant's unlawful actions have violated Schooler's rights as protected by the Equal Pay Act, 29 U.S.C. §§ 206(d).

41. Schooler has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: RETALIATION – TITLE VII

42. Schooler hereby incorporates paragraphs one (1) through forty-one (41) of her Complaint.

43. Schooler engaged in protected activity under Title VII.

44. Defendant constructively discharged Schooler's employment because she engaged in activity protected by Title VII.

45. Defendant's actions were intentional, willful, and in reckless disregard of Schooler's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

46. Schooler suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: RETALIATION – FLSA

47. Schooler hereby incorporates paragraphs one (1) through forty-six (46) of her Complaint.

48. Schooler engaged in protected activity under the FLSA when she complained that she was being paid less than men, who were employed in similar positions.

49. Defendant constructively discharged Schooler's employment because she engaged in activity protected by the FLSA.

50. Defendant's actions were intentional, willful, and in reckless disregard of Schooler's rights as protected by the FLSA.

51. Schooler suffered damages as a result of Defendant's unlawful actions.

## COUNT V: RETALIATION – FFCRA

52. Schooler hereby incorporates paragraphs one (1) through fifty-one (51) of her Complaint.

53. On March 18, 2020, President Donald J. Trump signed the FFCRA into law.

54. Under the FFCRA, the Defendant was to offer Emergency Paid Sick Leave for Two Weeks and Ten Weeks of Partial Pay Under FMLA to qualifying employees.to qualifying employees.

55. Pursuant to FFCRA, Sec. 5102, an employee may not require its employees to use other employer provided leave before the employee is eligible for Emergency Paid Sick Leave.

56. Pursuant to FFCRA, Sec. 5103, an employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees are customarily posted.

57. Pursuant to FFCRA, Sec. 5104, an employee may not discharge, discipline, or discriminate an employee that has taken leave under the FFCRA and filed a complaint.

58. Schooler engaged in protected activity when she attempted to post the required notice of employee's right and offer leave in accordance with the FFCRA.

59. Defendant failed to post a notice on the premises and retaliated against Schooler for engaging in the protected activity.

60. Under the FFCRA, any employee that violated an employee's rights under Sec. 5102 of the FFCRA is subject to penalties pursuant to 29 U.S.C. 216 and 217.

61. Under the FFCRA, any employee that violated an employee's rights under Sec. 5104 of the FFCRA is subject to penalties pursuant to 29 U.S.C. 216 and 217.

62. Defendant's actions were intentional, willful, and in reckless disregard of Schooler's rights as protected by the FLSA.

63. Schooler suffered damages as a result of Defendant's unlawful actions.

## VI.   REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Stephanie Schooler, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) Reinstate Schooler to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Schooler of front pay in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful action(s);

4) Compensatory damages for the Defendant's violations of Title VII and retaliation under the FLSA;

5) Punitive damages for the Defendant's violations of Title VII and retaliation under the FLSA;

6) Liquidated damages for the Defendant's violations of the EPA;

7) All costs and attorney's fees incurred as a result of brining this action;

8) Pre- and Post-Judgement interest on all sums recoverable; and

9) All other legal and/or equitable relief this Court sees fit to grant.

> Respectfully submitted,
> BIESECKER DUTKANYCH & MACER, LLC
> By: */s/ Taylor Ferguson*_____
> Andrew Dutkanych III, Atty. No. 91190
> Taylor Ferguson, Atty. No. 97655
> 144 North Delaware Street
> Indianapolis, Indiana 46204
> Telephone: (317) 991-4765
> Facsimile: (812) 424-1005
> Email: Tferguson@bdlegal.com
>              Ad@bdlegal.com
> *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Stephanie Schooler, by counsel requests a trial by jury on all issues deemed so triable.

> Respectfully Submitted,
> BIESECKER DUTKANYCH & MACER, LLC
> By: */s/ Taylor Ferguson*
> Andrew Dutkanych III, Atty. No. 91190
> Taylor Ferguson, Atty. No. 97655
> 144 North Delaware Street
> Indianapolis, Indiana 46204
> Telephone: (317) 991-4765
> Facsimile: (812) 424-1005
> Email: Tferguson@bdlegal.com
>         Ad@bdlegal.com
> *Attorneys for Plaintiff*